```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
                    CAMDEN VICINAGE
```

|  |  |
|---|---|
| ROBERT ROSS, | Hon. Reneé Marie Bumb |
| Petitioner, | Civil No. 06-6108 (RMB) |
| v. |  |
| ALFARO ORTIZ, et al., | OPINION |
| Respondents. |  |

**APPEARANCES:**

    ROBERT ROSS, #313103B
    East Jersey State Prison
    Lock Bag R
    Rahway, New Jersey  07065
    Petitioner Pro Se

**BUMB**, District Judge

    Robert Ross filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a conviction in the Superior Court of New Jersey, Mercer County.  Petitioner thereafter filed a motion to amend the Petition to clarify the one claim presented.  Having screened the Petition for dismissal pursuant to Habeas Rule 4, see 28 U.S.C. § 2254 Rule 4, the Court orders Petitioner to show why the Petition should not be dismissed as untimely.  See 28 U.S.C. § 2244(d)(1)(A) & (d)(2).

### I.  BACKGROUND

    Petitioner challenges a judgment of conviction entered in the Superior Court of New Jersey, Mercer County, on November 20,

1998, after a jury found him guilty of causing bodily injury to a parole officer performing his duties, contrary to N.J. STAT. ANN. § 2C:12-1b(5)(a). See State v. Ross, 2006 WL 1520670 (N.J. Super., App. Div., June 5, 2006). After denying a motion for a new trial, the Law Division sentenced Petitioner to an extended 10-year term of incarceration, with a five-year period of parole ineligibility. (Id.) Petitioner appealed. In an opinion filed May 12, 2000, the Superior Court of New Jersey, Appellate Division, affirmed. (Id.) On September 8, 2000, the New Jersey Supreme Court denied certification. See State v. Ross, 165 N.J. 529 (2000) (table).

By letter dated June 30, 2003, Petitioner filed a pro se petition for post-conviction relief in the Superior Court of New Jersey, Law Division, which was amended by counsel in November 2004. See State v. Ross, 2006 WL 1520679 *1 (N.J. Super., App. Div., June 5, 2006). Petitioner appealed the Law Division's order denying relief, and the Appellate Division affirmed on June 5, 2006. Id. The New Jersey Supreme Court denied certification on September 8, 2006. See State v. Ross, 188 N.J. 354 (Sept. 8, 2006) (table)

Petitioner executed the § 2254 Petition, which is now before this Court, on December 11, 2006. The Clerk of the Court received it on December 14, 2006. The Petition raises two grounds:

>    Ground One:  PETITIONER WAS DENIED DUE
>    PROCESS OF A FAIR TRIAL BY THE STATE'S
>    SUPPRESSION OF EXCULPATORY EVIDENCE.
>
>    Ground Two:  PETITIONER WAS DENIED EFFECTIVE
>    ASSISTANCE OF COUNSEL.

(Pet. ¶ 12.A.)

## II.  DISCUSSION

A.  Standard of Review

"In conducting habeas review, a federal court is limited to deciding whether a conviction violate[s] the Constitution, laws, or treaties of the United States."  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); accord Engle v. Isaac, 456 U.S. 107, 119-120 (1982).

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  To this end, Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and to summarily dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  28 U.S.C. § 2254 Rule 4. As the Supreme Court explained,

>    Under Habeas Corpus Rule 4, if "it plainly
>    appears from the petition . . . that the
>    petitioner is not entitled to relief in
>    district court," the court must summarily
>    dismiss the petition without ordering a
>    responsive pleading.

Mayle v. Felix, 545 U.S. 644, 656 (2005).

Dismissal without the filing of an answer or the State court record is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").[1]

B.  Statute of Limitations

On April 24, 1996, Congress enacted the AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the

---

[1] "[V]ague and conclusory allegations contained in a [habeas] petition may be disposed of without further investigation by the District Court," United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000), and a failure to allege "sufficient facts" can lead to summary dismissal of a claim, id. at 437-38; accord Anderson v. Pa. Attorney General, 82 Fed. Appx. 745, 749 (3d Cir. 2003); United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988).

> applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions: statutory tolling and equitable tolling. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998). Section 2244(d)(2) requires statutory tolling under the following circumstances: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). An application is "filed" when "it is delivered to, and accepted by, the appropriate court officer for placement into the official record." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (citations omitted).

> And an application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time

> limits upon its delivery, the court and
> office in which it must be lodged, and the
> requisite filing fee . . . . In some
> jurisdictions the filing requirements also
> include, for example, preconditions imposed
> on particular abusive filers, or on all
> filers generally . . . . But in common
> usage, the question whether an application
> has been "properly filed" is quite separate
> from the question whether the claims
> *contained in the application* are meritorious
> and free of procedural bar.

Artuz, 531 U.S. at 8-9 (citations omitted). A post-conviction relief application remains pending in state court until "the state courts have finally resolved an application for state post[-]conviction relief [but] § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari." Lawrence v. Florida, ___ U.S. ___, 127 S. Ct. 1079, 1083 (2007).

The AEDPA statute of limitations is also subject to equitable tolling. See Miller, 145 F.3d at 618. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The Third Circuit instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised

6

reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005). Mere excusable neglect is not sufficient. Id.; Merritt, 326 F.3d at 168; Miller, 145 F.3d at 618-19; Jones v. Morton, 195 F.3d 153, 159 (3d Cir.1999). Nor is attorney error. See Lawrence v. Florida, ___ U.S. ___ 127 S. Ct. at 1085 ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel").[2]

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to

---

[2] See also Johnson v. Hendricks, 314 F.3d 159, 162-63 (3d Cir. 2002) (equitable tolling is not permitted even where the petitioner relied on erroneous advice from his state public defender that he had one year from the state's denial of post-conviction relief to file his federal habeas petition); Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001) (in non-capital cases, "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling").

7

file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

In this case, the applicable limitations provision is § 2244(d)(1)(A), the date on which the judgment became final by the conclusion of direct review. The Supreme Court of New Jersey denied Petitioner's petition for certification on direct review by order filed September 8, 2000. See State v. Ross, 165 N.J. 529 (Sept. 8, 2000) (table). The statute of limitations therefore began to run 91 days later, on December 8, 2000, the date on which the judgment became final by the expiration of the time for filing a petition for certiorari in the United States Supreme Court. See Long v. Wilson, 393 F.3d 390 394 (3d Cir. 2004); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999); 28 U.S.C. § 2244(d)(1)(A). Absent equitable tolling, the limitations period ran from December 8, 2000, for 365 days until it expired on December 10, 2001. Under these circumstances, Petitioner would not be entitled to statutory tolling because he did not execute his first pro se petition for post conviction relief until June 30, 2003, see State v. Ross, 2006 WL 1520670 *1

8

(N.J. Super., App. Div., June 5, 2006), which is one and one-half years after the statute of limitations expired.[3]

Thus, in the absence of equitable tolling, the Petition appears to be subject to summary dismissal as untimely. The Court will give Petitioner 45 days from the date of the entry of the Order accompanying this Opinion to show that the Petition is not time barred. See United States v. Bendolph, 409 F.3d 155 (3d Cir. 2005) (federal court hearing habeas petition has power to raise limitations period sua sponte).

### III. CONCLUSION

Based on the foregoing, the Court orders Petitioner to show why the Petition should not be summarily dismissed as untimely.

                                                                        s/Renée Marie Bumb
                                                                        RENÉE MARIE BUMB
                                                                        United States District Judge

DATED: March 13, 2007

---

[3] See Long, 393 F.3d at 394-95 (state post conviction review petition had no effect on tolling because the limitations period had already run when it was filed); Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004) (same); cf. Lawrence, 127 S. Ct. at 1082 ("All but one day of the limitations period had lapsed during the 364 days between the time Lawrence's conviction became final and when he filed for state postconviction relief").