UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ROBERT ROSS, | : | Hon. Renée Marie Bumb |
| Petitioner, | : | Civil No. 06-6108 (RMB) |
| v. | : |  |
| ALFARO ORTIZ, et al., | : | **OPINION** |
| Respondents. | : |  |

**APPEARANCES:**

>    ROBERT ROSS, #313103B
>    East Jersey State Prison
>    Lock Bag R
>    Rahway, New Jersey  07065
>    Petitioner Pro Se

**BUMB**, District Judge

Robert Ross filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a conviction in the Superior Court of New Jersey, Atlantic County.  Having screened the Petition for dismissal pursuant to Habeas Rule 4, see 28 U.S.C. § 2254 Rule 4, this Court ordered Petitioner to show cause why the Petition should not be dismissed as untimely.  See 28 U.S.C. § 2244(d).  On April 13, 2007, Petitioner filed a declaration in response to the Order to Show Cause, accompanied by several documents, arguing that the statute of limitations should be equitably tolled.  For the reasons expressed below, this Court will dismiss the Petition as untimely and deny a certificate of appealability.

## I.  BACKGROUND

Petitioner challenges a judgment of conviction entered in the Superior Court of New Jersey, Atlantic County, on November 20, 1998, after a jury found him guilty of causing bodily injury to a parole officer performing his duties, contrary to N.J. STAT. ANN. § 2C:12-1b(5)(a).  See State v. Ross, 2006 WL 1520670 (N.J. Super., App. Div., June 5, 2006).  After denying a motion for a new trial, the Law Division sentenced Petitioner to an extended 10-year term of incarceration, with a five-year period of parole ineligibility.  (Id.)  Petitioner appealed.  In an opinion filed May 12, 2000, the Superior Court of New Jersey, Appellate Division, affirmed.  (Id.)  On September 8, 2000, the New Jersey Supreme Court denied certification.  See State v. Ross, 165 N.J. 529 (2000) (table).

By letter dated June 30, 2003, Petitioner filed a pro se petition for post-conviction relief in the Superior Court of New Jersey, Law Division, which was amended by counsel in November 2004.  See State v. Ross, 2006 WL 1520679 *1 (N.J. Super., App. Div., June 5, 2006).  The Law Division denied relief on May 9, 2005.  Petitioner appealed, and the Appellate Division affirmed on June 5, 2006.  Id.  The New Jersey Supreme Court denied certification on September 8, 2006.  See State v. Ross, 188 N.J. 354 (Sept. 8, 2006) (table).

2

Petitioner executed the § 2254 Petition which is now before this Court on December 11, 2006.  The Clerk of the Court received it on December 14, 2006.  The Petition raises two grounds:

> Ground One:  PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHT OF THE EFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT, WHEREFORE THE WRIT SHOULD BE GRANTED.

> Ground Two:  THE PROSECUTION'S WILLFUL SUPPRESSION OF OFFICER SARACENI'S MEDICAL REPORTS AND OFFICER SARACENI'S INCIDENT REPORT, DEPRIVED THE PETITIONER OF DUE PROCESS OF A FAIR TRIAL, WHEREFORE THE WRIT OF HABEAS CORPUS SHOULD BE GRANTED.

(Pet. ¶ 12 & Mem. of Law, pp. 6, 12.)

In an Opinion filed May 13, 2007, this Court explained that the face of the Petition, together with the opinion of the Superior Court of New Jersey, Appellate Division, affirming the Law Division's order denying post-conviction relief to Petitioner, see State v. Ross, 2006 WL 1520670 (N.J. Super., App. Div., June 5, 2006), show that, in the absence of equitable tolling, the statute of limitations expired on December 10, 2001, one-year after Petitioner's conviction became final by the conclusion of direct review.  This Court directed Petitioner to show cause why the § 2254 Petition should not be summarily dismissed as time barred.  See United States v. Bendolph, 409 F.3d 155 (3d Cir. 2005) (federal court hearing habeas petition has power to raise limitations period sua sponte).  On April 13, 2007, Petitioner filed a Declaration in response to the Order to

3

Show Cause, together with several documents, arguing that the statute of limitations should be equitably tolled due to extraordinary circumstances.

## II.  DISCUSSION

### A.  Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994).  To this end, Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and to summarily dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  28 U.S.C. § 2254 Rule 4. As the Supreme Court recently explained,

> Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading.

Mayle v. Felix, 545 U.S. 644, 656 (2005).

The United States Court of Appeals for the Third Circuit instructs that dismissal of a § 2254 petition without an answer or the state court record is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas

4

petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").[1]

B.  Statute of Limitations

On April 24, 1996, Congress enacted the AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

---

[1] "[V]ague and conclusory allegations contained in a [habeas] petition may be disposed of without further investigation by the District Court," United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000), and a failure to allege "sufficient facts" can lead to summary dismissal of a claim, id. at 437-38; accord Anderson v. Pa. Attorney General, 82 Fed. Appx. 745, 749 (3d Cir. 2003); United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988).

diligence . . . .

28 U.S.C. § 2244(d)(1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions:  statutory tolling and equitable tolling. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998).  Section 2244(d)(2) requires statutory tolling under the following circumstances:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  An application is "filed" when "it is delivered to, and accepted by, the appropriate court officer for placement into the official record." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (citations omitted).

> And an application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee . . . .  In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally . . . .  But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar.

6

Artuz, 531 U.S. at 8-9 (citations omitted).  A post-conviction
relief application remains pending in state court until "the
state courts have finally resolved an application for state
post[-]conviction relief [but] § 2244(d)(2) does not toll the 1-
year limitations period during the pendency of a petition for
certiorari."  Lawrence v. Florida, ___ U.S. ___, 127 S. Ct. 1079,
1083 (2007).

    The AEDPA statute of limitations is also subject to
equitable tolling.  See Miller, 145 F.3d at 618.  "To be entitled
to equitable tolling, [a petitioner] must show '(1) that he has
been pursuing his rights diligently, and (2) that some
extraordinary circumstance stood in his way' and prevented timely
filing."  Lawrence, 127 S. Ct. at 1085 (quoting Pace v.
DiGuglielmo, 544 U.S. 408, 418 (2005)).  The United States Court
of Appeals for the Third Circuit instructs that equitable tolling
is appropriate when "the principles of equity would make the
rigid application of a limitation period unfair, such as when a
state prisoner faces extraordinary circumstances that prevent him
from filing a timely habeas petition *and* the prisoner has
exercised reasonable diligence in attempting to investigate and
bring his claims."  LaCava v. Kyler, 398 F.3d 271, 275-276 (3d
Cir. 2005).  Mere excusable neglect is not sufficient.  Id.;
Merritt, 326 F.3d at 168; Miller, 145 F.3d at 618-19; Jones v.
Morton, 195 F.3d 153, 159 (3d Cir. 1999).  Nor is attorney error.

See <u>Lawrence v. Florida</u>, ___ U.S. ___ 127 S. Ct. at 1085 ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel").[2]

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, <u>see</u> <u>Jones</u>, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, <u>see</u> <u>Brinson v. Vaughn</u>, 398 F.3d 225, 230 (3d Cir. 2005).

In this case, the applicable limitations provision is § 2244(d)(1)(A), the date on which the judgment became final by the conclusion of direct review.  The Supreme Court of New Jersey denied Petitioner's petition for certification on direct review by order filed September 8, 2000.  <u>See</u> <u>State v. Ross</u>, 165 N.J.

---

[2] <u>See also</u> <u>Johnson v. United States</u>, 544 U.S. 295, 311 (2005) ("But we have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness"); <u>Johnson v. Hendricks</u>, 314 F.3d 159, 162-63 (3d Cir. 2002) (equitable tolling is not permitted even where the petitioner relied on erroneous advice from his state public defender that he had one year from the state's denial of post-conviction relief to file his federal habeas petition); <u>Fahy v. Horn</u>, 240 F.3d 239, 243 (3d Cir. 2001) (in non-capital cases, "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling").

8

529 (Sept. 8, 2000) (table).  The statute of limitations therefore began to run 91 days later, on December 8, 2000, the day following the date on which the judgment became final by the expiration of the time for filing a petition for certiorari in the United States Supreme Court.  See Long v. Wilson, 393 F.3d 390 394 (3d Cir. 2004); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999); 28 U.S.C. § 2244(d)(1)(A).  Absent equitable tolling, the limitations period ran from December 8, 2000, for 365 days until it expired on December 10, 2001.  Under these circumstances, Petitioner would not be entitled to statutory tolling because he did not execute his first pro se petition for post conviction relief until June 30, 2003, see State v. Ross, 2006 WL 1520670 *1 (N.J. Super., App. Div., June 5, 2006), which is 934 days after the statute of limitations began to run.[3]

As previously stated, Petitioner filed a Declaration in response to the Order to Show Cause, arguing that the statute of limitations should be equitably tolled.  He asserts that he was incarcerated in New York State serving a sentence on an unrelated conviction on November 11, 1997, when he received notice that New Jersey had lodged a detainer.  (Decl. ¶ 10.)  He alleges that he requested final disposition of the New Jersey indictment in this

---

[3] See Long, 393 F.3d at 394-95 (state post conviction review petition had no effect on tolling because the limitations period had already run when it was filed); Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004) (same).

matter, and on June 23, 1998, he was transported to the Atlantic County Jail for trial in New Jersey.  (Id. ¶¶ 11-12.)  Petitioner asserts that on December 22, 1998, after he was sentenced on the conviction at issue, he was returned to the custody of the State of New York to serve the remainder of his New York sentence. (Id. ¶ 13.)

Petitioner asserts that in 1999 he contacted the Office of the Public Defender to request copies of the discovery and testimony before the grand jury and at the probable cause hearing; in addition, Petitioner asked the Public Defender's Office to appeal his conviction.  (Id. ¶ 14.) Petitioner asserts the following facts in regard to equitable tolling:

> 15.  I submit, never receiving the information I requested I again contacted the Public Defender's Office in early 2000.  In May 2000, I received a letter from an attorney I did not know who informed me he had filed my appeal and it had been denied. See (Da2).
>
> 16.  I submit, while serving my New York sentence, the New Jersey Public Defenders Office appealed my New Jersey conviction.  My appeal was denied by the Appellate Division and the New Jersey Supreme Court denied certification in September 2000.
>
> 17.  Not having the discovery, trial transcripts, appeal brief showing the issues raised, nor the Appellate's reasons for denying, I was unable to pursue a Post Conviction Relief appeal while incarcerated in New York State.  Had I had that information I still would have been hampered in filing a Post Conviction motion since the

10

law libraries in New York were void of New
Jersey case law.  <u>See</u> (Da3).

18.  Knowing the New Jersey Supreme Court
would probably deny certification, and unable
to obtain help in filing a Post Conviction
Relief Petition in New Jersey, I decided to
try and obtain help from the courts.  Having
to file a Federal petition for a Writ of
Habeas Corpus concerning my New York
conviction, I included Cause of Action #5,
which concerned my New Jersey conviction.
That petition was filed in the Western
District of New York, which ordered the case
be transferred to the Southern District
Court.  I thus filed in the Southern District
Court on September 12, 2000, hoping when it
concluded it could not adjudicate Cause of
Action #5, it would direct me to where I
might seek relief.  <u>See</u> <u>Attached Exhibits</u>
(Da4 thru 11).

19.  I submit I am not at fault for the time
delay following the denial of certification
by the New Jersey Supreme Court on September
8, 2000.  I tried diligently to find a way to
meet the timeliness of the New Jersey and
Federal Courts.  However, due to the
extraordinary circumstances stated above I
was hindered in filing in a timely manner.

    Pursuant to the ORDER TO SHOW CAUSE
dated March 13, 2007, by the Honorable Renee
Marie Bumb, I have shown that due to the
extraordinary circumstances listed above,
this petition should not be dismissed as
untimely under 28 U.S.C. § 2244(d)(1).  It is
thus respectfully submitted that the court
should consider the filing of this Habeas
Corpus Petition as timely, on its merits, and
in light of petitioner's actual innocence
claim.

(Decl. ¶¶ 15-19 & Conclusion.)

    Attached to the Declaration are several documents.  First,

Da1 is a letter dated September 25, 2006, from Anne T. Picker,

Assistant Deputy Public Defender I, to Robert Moran, Deputy Public Defender, Atlantic County, regarding <u>State v. Ross</u>, Ind. 96-11-2572.  (Decl., attachment Da1.)  Ms. Picker states that a copy of the brief filed in this matter is enclosed, but she cannot provide the investigative materials since the original PCR file is missing.  (<u>Id.</u>)  Ms. Picker states her recollection that the reports which she sent to the client were from the trial file.  (<u>Id.</u>)  The document marked Da2 is a letter dated May 30, 2000, from attorney Alan I. Smith to Petitioner.  (Decl., attachment Da2.)  The letter states that Petitioner's letter requesting discovery has been brought to his attention, that Petitioner should write to his trial attorney to obtain trial discovery and that the transcript of the probable cause hearing was not ordered as part of the record.  (<u>Id.</u>)  Mr. Smith further advises Petitioner that the Appellate Division affirmed the conviction on May 12, 2000, and a petition for certification was filed with the New Jersey Supreme Court.  (<u>Id.</u>)

The document marked Da3 is a letter dated May 14, 2003, from Robert Moran, Deputy Public Defender, to Ray Mack AKA Robert Ross at Gowanda Correctional Facility in New York State.  (Decl., attachment Da3.)  The letter acknowledges receipt of Petitioner's letter dated May 7, 2003, and indicates that, by copy of this letter, Mr. Moran requested the Atlantic County Criminal Case Management Office to forward Petitioner the forms for post-

conviction relief.  (Id.)  Mr. Moran asks Petitioner to complete the papers and return them to the Atlantic County Criminal Case Management Office, and advises Petitioner that the Case Management Office will determine if Petitioner is eligible for representation and, if so, will refer it to the PCR Unit of the Office of the Public Defender.  (Id.)

The documents marked Da4 through Da11 involve a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction in the State of New York.  According to the docket of the United States District Court for the Western District of New York, on April 4, 2000, Ray Mack (Petitioner's alias) filed a § 2254 petition challenging a conviction entered in the Supreme Court of New York, New York County.  See Mack v. Bennett, Civil No. 00-6154 (CJS) (W.D. N.Y. filed April 4, 2000).  By Order entered April 14, 2000, United States District Judge John T. Elfvin transferred the matter to the United States District Court for the Southern District of New York as a more convenient forum. (Id., docket entry #3; Decl., attachments Da10, Da11.)

The certified copy of the transfer order and docket were filed on August 25, 2000, in the United States District Court for the Southern District of New York as Mack *also known as* Ross v. Bennett, Civil No. 00-6377 (MBM) (S.D. N.Y. filed Aug. 25, 2000). By Order entered August 28, 2000, Chief Judge Michael B. Mukasey dismissed the action without prejudice based on correspondence

from petitioner advising that he wished to withdraw the petition. (Id., docket entry #1.)  On October 24, 2000, Ray Mack aka Robert Ross filed a motion to reopen the case, which was docketed as a motion for reconsideration.  (Id., docket entry #2; Decl., attachments Da5 to Da11, entitled "Notice of Petition" dated Sept. 15, 2000, and "Petition in Support of Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254(d)(1).")  The petition states in the first ground that on October 25, 1997, the petitioner was arrested for pickpocketing, but was unjustly convicted of assault in the second-degree under N.Y. Penal Law § 120.05(3) without due process of law.  (Decl., attachment Da7, ¶ 4.)  The petition states that the "[s]econd cause action [is based] on the grounds that there is another action pending between the same parties for the same cause of action in the State of New Jersey" involving a frivolous assault charge initiated by the Atlantic City Division of the State of New Jersey's County Parole Office.  (Id. ¶ 5.) The petition brings a "[t]hird cause of action on the grounds that the petitioner's prays this Honorable Court grant this petition by way of Compensatory and punitive damages, and Injunctive relief; and release petitioner's from this illegal Custody pursuant to 28 U.S.C. § 2254, Subdivision (b), (A)(5)." (Id. ¶ 6.)

By Order entered February 28, 2001, Chief Judge Mukasey denied the motion for reconsideration on the ground that

14

petitioner failed to satisfy the strict requirements for relief
under F.R.C.P. 60(b), and stated that "nothing herein shall
preclude petitioner from filing a proper application for a writ
of habeas corpus regarding his New Jersey conviction."  Mack v.
Bennett, Civil No. 00-6377 (MBM) docket entry #3 (S.D. N.Y. Feb.
27, 2001).

     This Court observes that in the Memorandum of Law in Support
of the Petition presently before this Court, Petitioner states
that "[w]hile in the New York prison system, petitioner did not
learn of the disposition of his New Jersey appeals until 2003.
Thereafter, he attempted to file a petition for post-conviction
relief.  Since he was out of State, the matter was postponed
until he returned to New Jersey."  (Mem. of Law in Support of
Pet., at p. 2.)

     This Court reads Petitioner's Declaration, together with his
Memorandum of Law, as raising three potential grounds for
equitable tolling:  (1) the limitations period should be
equitably toled because Petitioner was unable to pursue a state
petition for post-conviction relief before the one-year statute
of limitations expired on December 12, 2001 (and until June 30,
2003), where Petitioner did not have "the discovery, trial
transcripts, appeal brief showing the issues raised," the
Appellate Division's reasons for denying his direct appeal, or
access to New Jersey case law (since he was incarcerated in New

York); (2) Petitioner mistakenly sought relief in the wrong forum when he referred to his New Jersey conviction in the § 2254 petition challenging his New York conviction, "hoping when it concluded it could not adjudicate Cause of Action #5, it would direct me to where I might seek relief," (Decl., ¶ 18); and (3) the limitations period should be equitably tolled because Petitioner was unable to file a state petition for post-conviction relief before the statute of limitations expired on December 10, 2001, insofar as he didn't know that the New Jersey Supreme Court had denied his petition for certification on direct appeal until 2003.

Petitioner contends in his first argument that he was unable to pursue state post-conviction relief because he didn't have the transcripts, discovery, brief on direct appeal, Appellate Division decision on direct appeal, or access to New Jersey law books while he was incarcerated in New York.  The problem with this argument is that Petitioner filed his state petition for post-conviction relief on June 30, 2003, without these documents and presumably without access to New Jersey law books.[4]  Because Petitioner was able to file post-conviction relief by way of a

---

[4] Petitioner does not specify when New Jersey took custody over Petitioner, or indicate when, if ever, he received these documents.  But Petitioner was in New York custody on May 7, 2003 (when he wrote a letter to Robert Moran inquiring about seeking post-conviction relief), and on May 14, 2003 (a month and one-half before he sought post-conviction relief on June 30, 2003), when Mr. Moran wrote to him in New York.

letter dated June 30, 2003, without obtaining these items, the lack of these items could not have prevented Petitioner from seeking post-conviction relief.  Thus, the lack of these items does not constitute an extraordinary circumstance warranting equitable tolling.

Petitioner's second argument is essentially that he challenged his New Jersey conviction in the wrong forum when he referenced the New Jersey conviction in the § 2254 petition challenging his New York conviction, which was filed on April 4, 2000, in the United States District Court for the Western District of New York.  While a petitioner may be entitled to equitable tolling where he has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F. 3d at 159, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F. 3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F. 3d 129, 134 (3d Cir. 2000)).  Here, Petitioner had 285 days remaining on his one-year statute of limitations when Chief Judge Mukasey denied his motion to reopen the § 2254 petition challenging the New York conviction, which had been transferred to the Southern District

17

of New York.  Petitioner has not explained why he did not pursue his claims during the 285 days remaining on the one-year limitations period after Chief Judge Mukasey denied his motion to reopen the case.  Thus, Petitioner is not entitled to equitable tolling on his second argument because he has not shown due diligence in pursuing his claims.  See Pace, 125 S. Ct. at 1815 (In sitting on his rights for "months *after* his PCRA proceedings became final before deciding to seek relief in federal court[,] . . . [Petitioner's] lack of diligence precludes equity's operation").

Petitioner asserts in the Memorandum of Law which accompanied his Petition that, "[w]hile in the New York prison system, petitioner did not learn of the disposition of his New Jersey appeals until 2003."  (Mem. of Law, p. 2.)  However, this alleged lack of knowledge does not warrant equitable tolling. Petitioner received a letter dated May 30, 2000, from Mr. Smith, the attorney handling his direct appeal, informing him that the Appellate Division had affirmed his conviction on direct appeal, and that a petition for certification was pending before the New Jersey Supreme Court.  Thus, Petitioner knew in June 2000 that the New Jersey Supreme Court was considering whether to grant certification on his case.  But nothing presented to this Court shows that Petitioner contacted Mr. Smith, the Public Defender's Office, or the New Jersey Supreme Court to inquire about the

18

status of his petition for certification until May 7, 2003, when Petitioner wrote a letter to Robert Moran, Deputy Public Defender for Atlantic County.  Petitioner's unexplained lack of diligence in inquiring about the status of his petition for over 34 months after he knew it was pending before the New Jersey Supreme Court precludes equitable tolling.  See LaCava v. Kyler, 398 F. 3d 271, 279 (3d Cir. 2005) ("Even if we were to conclude that LaCava was prevented by 'extraordinary circumstances' from receiving timely notice of the state court's disposition, he nonetheless failed to exercise reasonable diligence in pursuing his claims by passively waiting twenty-one months to make an inquiry into the status of his state proceeding"); see also Satterfield v. Johnson, 434 F. 3d 185, 196 (3d Cir. 2006) (where petitioner waited nearly a year to initiate post-conviction relief proceeding after extraordinary circumstances were over, and waited eight months to file his habeas petition after dismissal of his post-conviction relief petition, "[s]uch a delay demonstrates that Satterfield did not diligently pursue available routes to collateral relief"); Horning v. Lavan, 197 Fed. Appx. 90, 93 (3d Cir. 2006) ("Equitable tolling necessarily entails a showing that there is a basis to invoke equity.  It follows that we have held that a habeas petitioner 'must show that he or she exercised reasonable diligence in investigating and bringing [his] claims.'") (quoting Miller, 145 F. 3d at 618-19); Mahmood v. Gonzales, 427 F. 3d 248,

253 (3d Cir. 2005) ("Taken together, these periods of unaccounted-for delay reveal a lack of diligence, and thus Mahmood is not entitled to [equitable] tolling"); Robinson v. Johnson, 313 F. 3d 128, 143 (2002) (where petitioner was only deprived of his legal papers for a few weeks of the year-long statute of limitations, he "has not alleged facts sufficient to show that 'sound legal principles as well as the interests of justice' demand pursuit of the 'sparing' doctrine of equitable tolling") (quoting Jones, 195 F. 3d at 159).

In the absence of equitable tolling, the limitations period expired on December 10, 2001, before Petitioner filed his state petition for post-conviction relief on June 30, 2003. See Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004) (state post conviction relief petition had no effect on tolling because the limitations period had already expired by the time it was filed); Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004) (same). As Petitioner has not shown that he is entitled to equitable tolling, this Court will dismiss the Petition with prejudice as untimely.[5]

---

[5] No evidentiary hearing is necessary because, accepting Petitioner's allegations as true, he is not entitled to equity because he has not even attempted to explain his lack of diligence.  See LaCava v. Kyler, 398 F. 3d 271, 279 (3d Cir. 2005) (hearing on availability of equitable tolling not warranted where, "[e]ven if we were to conclude that LaCava was prevented by 'extraordinary circumstances' from receiving timely notice of the state court's disposition, he nonetheless failed to exercise
(continued...)

C.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000), the United States Supreme Court held:  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Id.</u>

This Court denies a certificate of appealability in this case because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

---

[5](...continued)
reasonable diligence in pursuing his claims by passively waiting twenty-one months to make an inquiry into the status of his state proceeding"); <u>Robinson v. Johnson</u>, 313 F. 3d 128, 143 (3d Cir. 2002) (evidentiary hearing is not warranted where petitioner "has not demonstrated the diligence necessary to warrant an evidentiary hearing on his claim" of equitable tolling).

### III.  CONCLUSION

This Court dismisses the Petition with prejudice as untimely and denies a certificate of appealability.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

DATED: September 25, 2007

22