```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                          CAMDEN VICINAGE
```

|  |  |
|---|---|
| ROBERT ROSS, | Hon. Renée Marie Bumb |
| Petitioner, | Civil No. 06-6108 (RMB) |
| v. |  |
| ALFARO ORTIZ, et al., | **OPINION** |
| Respondents. |  |

**APPEARANCES**:

    ROBERT ROSS, #313103B
    East Jersey State Prison
    Lock Bag R
    Rahway, New Jersey  07065
    Petitioner Pro Se

**BUMB**, District Judge

    Robert Ross filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a conviction in the Superior Court of New Jersey, Atlantic County.  By Order and accompanying Opinion entered September 25, 2007, this Court dismissed the Petition with prejudice as untimely and denied a certificate of appealability.  Presently before this Court is Petitioner's motion to extend the time to file a notice of appeal.  For the reasons expressed below and pursuant to Rule 78 of the Federal Rules of Civil Procedure, this Court conditionally grants the motion.  See Fed. R. App. P. 4(a)(5).

## I. BACKGROUND

Section 2107(a) of Title 28 of the United States Code establishes the time limit for filing a notice of appeal in a civil case:  "Except as otherwise provided in this section, no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree."  28 U.S.C. § 2107(a); see also Fed. R. App. P. 4(a)(1) ("the notice of appeal . . . must be filed with the district clerk within 30 days after the judgment or order appealed from is entered").  Where a pro se prisoner files the notice of appeal, "the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing."  Fed. R. Civ. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988) (pro se prisoner's notice of appeal is "filed" at the moment of delivery to prison officials for mailing to the court).

Section 2107(c) permits the district court to extend the time for appeal upon a showing of excusable neglect or good cause, upon motion filed not later than 30 days after the expiration of the time for appeal.  See 28 U.S.C. § 2107(c).  Accordingly, Rule 4(a)(5) permits the district court to extend the time to file a notice if appeal if the following two conditions are met:

2

>> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A).  Thus, this Court may grant Petitioner's motion only if he filed his motion for an extension no later than 30 days after the expiration of the time originally prescribed by Rule 4(a), see <u>IUE AFL-CIO Pension Fund v. Barker & Williamson, Inc.</u>, 788 F.2d 118, 122 n.2 (3d Cir. 1986), and he shows either excusable neglect or good cause, <u>In re: Diet Drugs Products Liability Litigation</u>, 401 F.3d 143, 154 (3d Cir. 2005).

As to the time requirement, the Order which Petitioner seeks to appeal was entered on September 25, 2007.  <u>See</u> Fed. R. Civ. P. 4(a)(7)(A)(ii).  The time for Petitioner to file a timely notice of appeal under Rule 4(a)(1)(A) expired on October 26, 2007, 30 days later.  The time to file a timely motion to extend the time expired on November 26, 2007.  Petitioner's motion for extension of time to file a notice of appeal, which the Clerk of this Court received on November 20, 2007, is dated November 13, 2007.  If Petitioner can show that he handed his motion papers to prison officials for mailing on January 23, 2006, <u>see</u> Fed. R. App. P.

4(c)(1), then the motion satisfies the first condition under Rule 4(a)(5)(A)(i).[1]

The good cause and excusable neglect standards have "different domains" and one is not inclusive of the other.  Fed. R. App. P. 4(a)(5)(A)(ii) advisory committee's note to 2002 amendments (quoting Lorenzen v. Employees Retirement Plan, 896 F.2d 228, 232 (7th Cir. 1990)).  "The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant.  The good cause standard applies in situations in which there is no fault - excusable or otherwise.  In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."  Fed. R. App. P. 4(a)(5)(A)(ii) advisory committee's note to 2002 amendments.

In paragraphs five through nine of his certification, Petitioner explains his failure to file a notice of appeal on or before October 26, 2007, as follows:

> 5. Petitioner could not file his notice of appeal in a timely manner due to the lock-down at East Jersey Prison, where he is presently being housed.

---

[1] "Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit [in the institution's internal mail system] and state that first-class postage has been prepaid."  Fed. R. App. P. 4(c).

4

>     6.  On September 1, 2007, an incident occurred at East Jersey State Prison, in which prison guards and inmates were involved in a brawl.  After the brawl, the prison was lock-down and I had no access to the law library or legal material.  Nor did I have access to the forms that I am now filing with this court.
>
>     7.  The law library did not reopen until late October, and when they did reopen it ran on a reduced schedule[], i.e. 10 people a day were scheduled for a law library pass.
>
>     8.  I finally was scheduled for a law library pass at the beginning of November, and as soon as I got a pass I obtain[ed] the papers I am now filing.

(Addendum to Certification of Robert Ross, ¶¶ 5-8.)

To file a timely notice of appeal, Petitioner had to hand it to prison officials for mailing to the Clerk sometime between September 26, 2007, and October 26, 2007.  Petitioner avers that he could not file a notice of appeal before November 13, 2007, because he had no access to the law library while the prison was on lock-down from September 1, 2007, through the end of October 2007 and, although the law library opened at the end of October, the schedule was reduced and his law library pass was not approved until sometime in November.

This Court finds that Petitioner has established good cause for failing to file a timely notice of appeal.  The Court will grant the motion to extend the time to file the notice of appeal and direct the Clerk to file the notice of appeal <u>nunc pro tunc</u>, on the condition that Petitioner files a declaration or notarized

statement within 20 days of the date of the entry of the Order accompanying this Opinion pursuant to Rule 4(c)(1) of the Federal Rules of Appellate Procedure.  The declaration or notarized statement must set forth the date of deposit of the notice of appeal in the institution's internal mail system and state that first-class postage was prepaid.  Fed. R. App. P. 4(c)(1).

### IV.  CONCLUSION

Based on the foregoing, the Court grants Petitioner's motion to extend the time to file a notice of appeal, conditioned on the filing of a declaration or notarized statement pursuant to Fed. R. App. P. 4(c)(1) within 20 days of the entry of the Order accompanying this Opinion.

　　　　　　　　　　　　　　　　　s/Renée Marie Bumb
　　　　　　　　　　　　　　　　　**RENÉE MARIE BUMB**
　　　　　　　　　　　　　　　　　**United States District Judge**

DATED: December 14, 2007