UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ROBERT ROSS, | Hon. Renée Marie Bumb |
| Petitioner, | Civil No. 06-6108 (RMB) |
| v. |  |
| ALFARO ORTIZ, et al., | OPINION |
| Respondents. |  |

**APPEARANCES:**

> ROBERT ROSS, #313103B
> South Woods State Prison
> 215 Burlington Road South
> Bridgeton, New Jersey  08302
> Petitioner Pro Se

**BUMB**, District Judge

Robert Ross filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a conviction in the Superior Court of New Jersey, Atlantic County.  By Order and accompanying Opinion entered September 25, 2007, this Court dismissed the Petition with prejudice as untimely and denied a certificate of appealability.  By Order filed February 13, 2008, the United States Court of Appeals for the Third Circuit denied a certificate of appealability on the ground that jurists of reason could not debate that the District Court properly denied the Petition as untimely.

On January 11, 2008, Petitioner executed a notice of motion, pursuant to Rule 60(b)(1) of the Federal Rules of Civil

Procedure, to vacate the Order of dismissal on the grounds of mistake and inadvertence. For the reasons expressed below and pursuant to Rule 78 of the Federal Rules of Civil Procedure, this Court will deny the motion and a certificate of appealability.

## I.   BACKGROUND

The Petition challenged a judgment of conviction entered in the Superior Court of New Jersey, Atlantic County, on November 20, 1998, after a jury found Petitioner guilty of causing bodily injury to a parole officer performing his duties, contrary to N.J. STAT. ANN. § 2C:12-1b(5)(a).  See State v. Ross, 2006 WL 1520670 (N.J. Super., App. Div., June 5, 2006).  The Law Division sentenced Petitioner to an extended 10-year term of incarceration, with a five-year period of parole ineligibility. (Id.)  Petitioner appealed.  In an opinion filed May 12, 2000, the Superior Court of New Jersey, Appellate Division, affirmed. (Id.)  On September 8, 2000, the New Jersey Supreme Court denied certification.  See State v. Ross, 165 N.J. 529 (2000) (table).

By letter dated June 30, 2003, Petitioner filed a pro se petition for post-conviction relief in the Superior Court of New Jersey, Law Division, which was amended by counsel in November 2004.  See State v. Ross, 2006 WL 1520679 *1 (N.J. Super., App. Div., June 5, 2006).  The Law Division denied relief on May 9, 2005.  Petitioner appealed, and the Appellate Division affirmed on June 5, 2006.  Id.  The New Jersey Supreme Court denied

certification on September 8, 2006.  See State v. Ross, 188 N.J. 354 (Sept. 8, 2006) (table).

Petitioner filed his § 2254 Petition on December 11, 2006. The Petition raised two grounds:

> Ground One:  PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHT OF THE EFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT, WHEREFORE THE WRIT SHOULD BE GRANTED.
>
> Ground Two:  THE PROSECUTION'S WILLFUL SUPPRESSION OF OFFICER SARACENI'S MEDICAL REPORTS AND OFFICER SARACENI'S INCIDENT REPORT, DEPRIVED THE PETITIONER OF DUE PROCESS OF A FAIR TRIAL, WHEREFORE THE WRIT OF HABEAS CORPUS SHOULD BE GRANTED.

(Pet. ¶ 12 & Mem. of Law, pp. 6, 12.)

In an Opinion filed May 13, 2007, this Court explained that the face of the Petition, together with the opinion of the Superior Court of New Jersey, Appellate Division, affirming the Law Division's order denying post-conviction relief to Petitioner, see State v. Ross, 2006 WL 1520670 (N.J. Super., App. Div., June 5, 2006), show that, in the absence of equitable tolling, the statute of limitations expired on December 10, 2001, one-year after Petitioner's conviction became final by the conclusion of direct review.  This Court directed Petitioner to show cause why the § 2254 Petition should not be summarily dismissed as time barred.

On April 13, 2007, Petitioner filed a Declaration in response to the Order to Show Cause, together with several

documents, seeking equitable tolling on three grounds.  First, Petitioner argued that the limitations period should be equitably tolled because Petitioner was unable to pursue a state petition for post-conviction relief before the one-year statute of limitations expired on December 12, 2001 (and until June 30, 2003), where Petitioner did not have "the discovery, trial transcripts, appeal brief showing the issues raised," the Appellate Division's reasons for denying his direct appeal, or access to New Jersey case law while he was incarcerated in New York.  This Court ruled that, because Petitioner was able to file post-conviction relief by way of a letter dated June 30, 2003, without obtaining these items, the lack of these items could not have prevented Petitioner from seeking post-conviction relief.  Thus, this Court concluded that the lack of these items was not an extraordinary circumstance warranting equitable tolling.

Second, Petitioner argued that equitable tolling was warranted because he challenged his New Jersey conviction in the wrong forum when he referenced the New Jersey conviction in a § 2254 petition challenging his New York conviction, which was filed on April 4, 2000, in the United States District Court for the Western District of New York.  Noting that Petitioner had 285 days remaining on his one-year statute of limitations when Chief Judge Mukasey denied his motion to reopen the § 2254 petition challenging the New York conviction, and that Petitioner had not

explained why he failed to pursue his claims during this 285-day period, this Court determined Petitioner was not entitled to equitable tolling on his second argument because he had not shown due diligence in pursuing his claims.

In his third argument, Petitioner sought equitable tolling on the ground that he was unable to file a state petition for post-conviction relief before the statute of limitations expired on December 10, 2001, because he didn't know that the New Jersey Supreme Court had denied his petition for certification on direct appeal until 2003.  This Court determined that, as Petitioner knew in June 2000 that the New Jersey Supreme Court was considering whether to grant certification on his case, Petitioner's unexplained lack of diligence in inquiring about the status of his petition for over 34 months precluded equitable tolling.  By Order entered September 25, 2007, this Court dismissed the Petition as untimely and denied a certificate of appealability.

On February 13, 2008, the United States Court of Appeals for the Third Circuit denied a certificate of appealability as follows:

> The foregoing request for a certificate of appealability is denied, as jurists of reason could not debate that the District Court properly denied Appellant's 28 U.S.C. § 2254 habeas petition as untimely filed.  Neither statutory tolling nor equitable tolling can save Appellant's petition from dismissal.  28 U.S.C. § 2244(d)(2); Miller v. New Jersey

> State Dep't of Corr., 145 F. 3d 616, 618 (3d Cir. 1998).

Ross v. Ortiz, C.A. No. 07-4419 order (3d Cir. Feb. 13, 2008).

On January 11, 2008, Petitioner executed a motion to vacate this Court's Order dismissing the Petition, on the grounds of mistake and inadvertence, pursuant to Fed. R. Civ. P. 60(b)(1). The Clerk received it on January 22, 2008.

## II. DISCUSSION

Rule 60(b) allows a party to seek relief from judgment under a limited set of circumstances. Specifically, Rule 60(b), effective December 1, 2007, provides:

> **Grounds for Relief form a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party . . . from a final judgment . . . for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trail under Rule 59(b);
>
> (3) fraud . . , misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

6

Fed. R. Civ. P. 60(b).

## A.  Do the Grounds Raised in the Rule 60(b) Motion Constitute a Successive Habeas Petition under 28 U.S.C. § 2244(b)?

The Supreme Court held in Gonzalez v. Crosby, 545 U.S. 524 (2005), that a Rule 60(b) motion "in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction.  A motion that . . . challenges only the District Court's failure to reach the merits does not warrant such treatment and can therefore be ruled upon by the District Court without precertification by the Court of Appeals pursuant to § 2244(b)(3)."  Id. at 538.  This Court must determine whether the grounds raised in Petitioner's Rule 60(b) motion constitute a second or successive § 2254 petition, see 28 U.S.C. § 2244(b), or are properly brought under Rule 60(b).

Petitioner, in his AFFIRMATION IN SUPPORT OF MOTION PURSUANT TO RULE 60(b), presents several arguments.  First, Petitioner asserts that he "has timely asserted his rights mistakenly in the wrong forum [when he] filed in the Southern District of New York a mixed application concerning a habeas corpus . . ."  (Affirmation dated Jan. 11, 2008, ¶3.)  Second, Petitioner asserts that, although he had sought discovery material from the New Jersey Office of the Public Defender for ten years, he did not receive it until sometime in December 2007 because the Public Defender mistakenly sent the materials to New Jersey inmate

7

Michael Burton, aka Robert Ross, SBI#807651A.  (Id. ¶¶ 6-11.) Third, Petitioner contends that the Atlantic County Prosecutor violated due process by failing to disclose the medical records of the victim's alleged treatment at the Atlantic City Medical Center, and a police report signed by the victim.  (Id. ¶¶ 12-16; Supplemental Letter Brief, p. 2.)  Fourth, Petitioner argues that this Court should entertain his § 2254 Petition because he was actually innocent of the crime for which he was convicted. (Supplemental Letter Brief, pp. 3-5.)

This Court lacks jurisdiction to entertain Petitioner's third argument because the claim that the prosecutor withheld exculpatory evidence presents a challenge to Petitioner's state conviction, which is the equivalent of a successive habeas petition.  See Gonzalez, 545 U.S. at 531 (noting that Rule 60(b) motion presenting new claims for relief from state conviction, presenting new evidence in support of a claim already litigated, or a purported change in substantive law governing a constitutional claim are in substance successive habeas petitions).  However, Petitioner's actual innocence claim in Ground Four, his claim that he timely asserted his rights mistakenly in the wrong forum in Ground One, and his claim that he did not receive the appellate and discovery materials until December 2007 in Ground Two, attack, not the substance of the resolution of a claim for relief on the merits, but this Court's

ruling on the statute of limitations.  Id. at p. 535-36 ("Because petitioner's Rule 60(b) motion challenges only the District Court's previous ruling on the AEDPA statute of limitations, it is not the equivalent of a successive habeas petition").  Thus, these grounds are properly considered under Rule 60(b).

**B.   Is Petitioner Entitled to Relief Under Rule 60(b)?**

Petitioner asks this Court to vacate the Order dismissing the Petition on the "grounds of Mistake and Inadvertence." (Motion pursuant to Fed. R. Civ. P. 60(b).)  As previously stated, Rule 60(b)(1) permits a district court to grant relief from a final judgment based on mistake, inadvertence or excusable neglect.  The test for "excusable neglect" is equitable, and requires a court to weigh the "totality of the circumstances." Welch & Forbes, Inc. v. Cendant Corp., 234 F. 3d 166, 171 (3d Cir. 2000).  A court considers "1) the danger of prejudice to the other party; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay - and whether it was within the movant's control; and 4) whether the movant acted in good faith."  Nara v. Frank, 488 F. 3d 187, 194 (3d Cir. 2007).

In this case, Petitioner raises three arguments warranting equitable tolling of the statute of limitations, i.e., he timely asserted his rights mistakenly in the wrong forum (Ground One), he did not receive the appellate and discovery materials until

9

December 2007 (Ground Two), and he is actually innocent (Ground Four).  Relief under Rule 60(b) is not warranted on Grounds One and Two because this Court considered, and rejected, both arguments for equitable tolling in the Opinion accompanying the Order of dismissal.  See Pridgen v. Shannon, 380 F. 3d 721, 728 (3d Cir. 2004) ("Legal error does not by itself warrant the application of Rule 60(b)") (quoting Martinez-McBean v. Government of Virgin Islands, 562 F. 2d 908, 912 (3d Cir. 1977)).  Relief pursuant to Rule 60(b) on the ground of actual innocence is not warranted because Petitioner has shown no reason why he couldn't have raised this argument as a ground for equitable tolling in response to this Court's Order to Show Cause.  See Nara, 488 F. 3d at 194 (movant's "overall negligence in handling the matter precludes [a court] from finding 'excusable neglect'").  Id.  Accordingly, this Court finds that Petitioner's motion fails to set forth a basis warranting relief under Rule 60(b), and will deny the motion.

**C.  Is Petitioner Entitled to a Certificate of Appealability?**

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme

10

Court held:  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.  This Court will deny a certificate of appealability in this case because jurists of reason would not find it debatable that denial of Petitioner's Rule 60(b) motion is correct.

### III.  CONCLUSION

This Court denies Petitioner's Rule 60(b) motion and denies a certificate of appealability.

s/Renée Marie Bumb<br>
**RENÉE MARIE BUMB**<br>
United States District Judge

DATED: March 6, 2008

11